IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STELLA GELFER,<br><br>    Petitioner,<br><br>  v.<br><br>MICHAEL CHERTOFF, as Secretary of the Department of Homeland Security, EMILIO GONZALEZ, Director of U.S. Citizenship and Immigration Services, ROBERT S. MUELLER, Director of Federal Bureau of Investigation, MICHAEL A. CANNON, Section Chief, National Name Check Program Section Records Management Division Federal Bureau of Investigation, DAVID N. STILL, District Director of USCIS San Francisco District Office,<br><br>    Respondents.<br>                                                             / | No. C 06-06724 WHA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART RESPONDENTS' MOTION TO DISMISS** |

This order sustains subject-matter jurisdiction to review agency inaction in the form of a delay in ruling on an individual's adjustment of status application. Jurisdiction is lacking, however, to compel respondents to reach a particular outcome on petitioner's application. As such, respondents' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**.

*Pro se* petitioner Stella Gelfer is a citizen of Canada who has been lawfully residing and working in the United States on an H1-B visa since May 20, 2001. On January 5, 2005, she submitted an I-485 application to the United States Citizenship and Immigration Services ("USCIS") for adjustment to lawful permanent residence status. On May 2, 2005, petitioner

1 had an adjustment-of-status interview and was told that the USCIS submitted her data to the
2 FBI for a security "name check." Her case was "continued" pending "security clearances" and
3 "further review" (Pet. ¶¶ 10–13, Exh. C).

4 Petitioner has since made numerous inquiries on her application but to no avail.
5 On August 22, 2005, for example, petitioner questioned the USCIS about her application's
6 status. In response, the USCIS informed her that it was "still waiting for a security check on
7 [her] case from the FBI" and was unable to proceed with adjudication until the check was
8 complete. Additionally, petitioner attended three separate "InfoPass" appointments "in an effort
9 to expedite her case." Petitioner's husband sent respondent David Still, San Francisco Director
10 of the USCIS, a letter inquiring about petitioner's application and received no response.
11 Petitioner's husband also contacted Congressman Pete Stark concerning the application.
12 Petitioner's husband received a letter back from the FBI stating that petitioner's name check
13 was "currently in a pending status," but did not give a time frame for adjudication. Petitioner
14 alleged that the delay of her application has resulted in harmful restrictions on her ability to
15 work, travel and apply for United States citizenship (Pet. ¶¶ 13–18, Exh. D, I).

16 Petitioner filed this action on October 30, 2006, asserting jurisdiction under the
17 Mandamus Act and the Administrative Procedure Act in conjunction with 28 U.S.C. 1331.
18 Petitioner sought an order requiring respondents (1) to adjudicate petitioner's application, and
19 (2) to provide her with a notice of approval of her application.

20 Respondents assert that a district court lacks subject-matter jurisdiction to grant relief
21 under the APA. It is well established, however, that a district court has subject-matter
22 jurisdiction over any sufficiently stated claim for relief under the APA. *See Norton v. S. Utah*
23 *Wilderness Alliance*, 542 U.S. 55, 63–65 (2004). To invoke jurisdiction under the APA, a
24 petitioner must show that (1) an agency had a nondiscretionary duty to act and (2) the agency
25 unreasonably delayed in acting on that duty. *Ibid.*; 5 U.S.C. 555(b), 701(a)(2). Once a
26 petitioner has proven a right to relief under the circumstances, it is the reviewing court's duty to
27 "compel agency action unlawfully withheld or unreasonably delayed." 555 U.S.C. 706(1).
28

"[T]here is a difference between the [USCIS's] discretion over *how* to resolve an application and the [USCIS's] discretion over *whether* it resolves an application." *Singh v. Still*, __ F. Supp. 2d __, 2006 WL 3898174, *2 (N.D. Cal. Jan. 8, 2007). As in *Singh*, respondents concede that they have a "nondiscretionary duty to process" petitioner's application under 8 U.S.C. 1255(a) (Reply 2).

The issue raised by respondents' motion, therefore, is whether petitioner has properly alleged an unreasonable delay in adjudicating her application. Respondents argue that the USCIS has full discretion over *when* it makes a decision to approve or deny an application. As such, no amount of delay in this process is subject to a district court's review. This order disagrees.

Allowing the respondents a limitless amount of time to adjudicate petitioner's application would be contrary to the "reasonable time" frame mandated under 5 U.S.C. 555(b) and, ultimately, could negate the USCIS's duty under 8 C.F.R. 245.2(a)(5). *Singh*, 2006 WL 3898174 at *3. Instead, this order finds that respondents have a statutorily prescribed duty to adjudicate petitioner's application "within a reasonable time" under 5 U.S.C. 555(b), while giving wide berth to an agency's determination as to what time period is reasonable. *See Yu v. Brown*, 36 F. Supp. 2d 922, 932 (D.N.M. 1999).

"What constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case." *Id*. at 934. Here, respondents fail to show that the delay of petitioner's application is reasonable as a matter of law. Simply asserting that the USCIS is awaiting the results of an FBI name check does not explain why petitioner's application has been stagnant for the past two years. *See Singh*, 2006 WL 3898174 at *3. Respondents do not point to a single action taken during that period of time to further the processing of petitioner's application or a reason why petitioner's application is particularly troublesome. *See id.* at *4. As in *Yu*, this order does not find respondents' more than two-year delay in the adjudication of petitioner's application reasonable as a matter of law. 36 F. Supp. 2d at 935. On this motion to dismiss, it is premature to consider the exact sources of the delay to determine whether the delay was actually unreasonable under

3

the circumstances. If the delay is found to be unreasonable after a full consideration of the surrounding facts, this Court will then have a duty to "compel" respondents to adjudicate the application by a deadline certain. *See* 5 U.S.C. 706(1).

Insofar as petitioner seeks relief under the APA or mandamus requiring respondents to *approve* her application, this Court lacks the jurisdiction to compel the USCIS to perform such an act. As discussed above, a district court's jurisdiction lies only where the action the petitioner seeks to compel is nondiscretionary. *See Norton*, 542 U.S. at 65 ("a court can compel an agency to act, but has no power to specify what the action must be"). This order finds that Section 1255 specifically commits the decision on whether to approve or deny an application for adjustment to the discretion of the Attorney General. As such, this Court has no authority to compel a specific outcome for petitioner's application. Respondents' motion to dismiss the portion of petitioner's mandamus and APA claim seeking an order to compel respondents to provide petitioner with a notice of approval of her application is **GRANTED**.

Relief under mandamus and the APA are virtually equivalent when a petitioner seeks to compel an agency to act on a nondiscretionary duty. *Independence Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997). In light of their similarities and by finding jurisdiction under the APA, this order need not address whether mandamus jurisdiction exists in the context of petitioner's claim. *See Conservation Law Found., Inc. v. Clark*, 590 F. Supp. 1467, 1473 (D. Mass. 1984).

## CONCLUSION

For the foregoing reasons, respondents' motion to dismiss the portion of petitioner's APA claim seeking an order to compel respondents to adjudicate her application is **DENIED**. Additionally, respondents' motion to dismiss the portion of petitioner's mandamus and APA claims seeking an order to compel respondents to provide petitioner with a notice of approval of her application is **GRANTED**.

4

The initial case management conference will occur on **APRIL 12, 2007 AT 11:00 A.M.** Please file a joint case management statement no later than **APRIL 5, 2007.**

**IT IS SO ORDERED.**

Dated: March 22, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5